Filed 3/21/14  P. v. Williams CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>INDUGO A. WILLIAMS,<br><br>        Defendant and Appellant. | A138905<br><br>(Marin County<br>Super. Ct. No. SC183617E,<br>SC183620B) |

Indugo A. Williams appeals from a judgment of conviction and sentence imposed after he entered a guilty plea to multiple counts and admitted serving a prior prison term. His attorney has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (see *Anders v. California* (1967) 386 U.S. 738), in order to determine whether there is any arguable issue on appeal.  We find no arguable issue and affirm.

I.  FACTS AND PROCEDURAL HISTORY

In case number SC183617E, Williams was charged with attempted kidnapping (Pen. Code, §§ 207, subd. (a), 664), assault by means likely to cause great bodily injury (§ 245, subd. (a)(4)), and receiving stolen property (§ 496, subd. (a)).[1]  It was also alleged that he had eight prior felony convictions for purposes of section 1203, subdivision

---

[1]     All statutory references are to the Penal Code.

1

(e)(4), and served eight prior prison terms within the meaning of section 667.5, subdivision (b).

In case number SC183620B, Williams was charged with second degree robbery (§ 211) and receiving a stolen vehicle (§ 496d, subd. (a)). It was again alleged that he had eight prior felony convictions (§ 1203, subd. (e)(4)) and served eight prior prison terms (§ 667.5, subd. (b)).

On March 7, 2013, Williams moved for a separate trial from his codefendants in case number SC183617E. The record does not contain a ruling on this motion.

On March 13, 2013, Williams signed a "Plea of Guilty" form in each case. In case number SC183617E, he agreed to plead guilty to one count of assault by means likely to cause great bodily injury (§ 245, subd. (a)(4)) and to admit a prison prior. In case number SC183620B, he agreed to plead guilty to an amended count of accessory after the fact (§ 32). The prosecutor agreed the other charges would be dismissed (with "*Harvey* waivers") and Williams would receive an aggregate three-year state prison sentence, comprised of the two-year low term on the conviction for assault by means likely to cause great bodily injury and a one-year consecutive term for the prior prison enhancement (SC183617E), with a concurrent two-year middle term for the accessory after-the-fact conviction (SC183620B). In the written plea agreements, which Williams and his attorney signed, Williams indicated that he understood his maximum punishment and understood and waived specified constitutional rights in entering his guilty pleas.

At the plea hearing on March 13, 2013, Williams was present and represented by counsel. The court reviewed the written plea forms with Williams, and Williams confirmed that he signed them. After being advised of his constitutional rights and acknowledging that he understood and waived those rights, Williams entered a plea of guilty to the count of assault by means likely to cause great bodily injury, admitted the prison prior, and entered a guilty plea to the accessory count, which was added to the complaint by a stipulated amendment. The court found Williams's pleas were intelligent, knowing and voluntary and, based on the evidence received at the

2

preliminary examination and the prosecutor's statement, there was a factual basis for the pleas.[2]

The probation department's presentence report recommended the imposition of the *upper* term in SC183617E, and all counts to be served *consecutively*, but agreed to follow the plea agreement for sentencing recommendations.

On April 24, 2013, the court sentenced Williams to a total term of three years in state prison, in accordance with the plea agreement. In each case, the court ordered a restitution fund fine of $840 (§ 1202.4), converted the fines to jail time to be served concurrent with the prison term, and imposed a court security fee of $40. Based on 84 days of presentence incarceration, the court granted Williams credit for time served and reserved determination of the amount of victim restitution.[3] Neither Williams nor his attorney objected to any aspect of the sentence.

On May 8, 2013, in both cases Williams filed a petition for a modification of his sentence under section 1203.3, subdivision (b), requesting removal of an order prohibiting contact with a codefendant. The court denied the petition.

On June 4, 2013, in both cases Williams filed a petition to be resentenced so he would receive custody credits for time he spent incarcerated from April 2012 to June 2012 on other charges, pursuant to section 4019, subdivision (a)(4). The court denied the motion on the ground that the offenses in the present case occurred in 2013. There is no indication in the record that Williams's sentence in SC183617E and SC183620B included or contemplated punishment for the offenses charged in any prior case.

---

[2] According to the probation report in case number SC183617E, Williams and others laid in wait for their victim and, wearing masks over their faces, attacked and beat him. Based on the agreed factual basis for Williams's plea as to case number SC183620B, Williams drove the getaway car, which had been reported stolen, for a codefendant who had taken a victim's purse.

[3] The reporter's transcript states that the court granted 178 days of credit based on 84 days of presentence incarceration. The minute order and abstract of judgment state that Williams received 168 days of credit for time served, based on 84 days of presentence incarceration. Although the court's oral pronouncement of sentence usually prevails over a minute order, in this case the oral pronouncement of 178 days of credits is not authorized by law. Based on the record, the abstract of judgment is correct.

On June 5, 2013, Williams filed a notice of appeal.  In a request for a certificate of probable cause, he stated that he was arrested for numerous crimes in April 2012, pled guilty, and was released on probation in June 2012.  He requested that credits for his April to June incarceration "run concurrent with" his current sentence, pursuant to section 4019.  The record does not indicate that a certificate of probable cause was granted.

II.  DISCUSSION

Williams's appellate counsel represents in the opening brief in this appeal that counsel wrote to Williams and advised him of the filing of a *Wende* brief and his opportunity to personally file a supplemental brief raising any issues he wished to call to the court's attention within 30 days.

We have not received any filing from appellant.

We find no arguable issues on appeal.

There are no legal issues that require further briefing.

III.  DISPOSITION

The judgment is affirmed.

NEEDHAM, J.

We concur.

SIMONS, Acting P.J.

BRUINIERS, J.

4